UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID VANCE TAYLOR,<br><br>    Defendant. | Case No. 4-16-cr-00177-BLW<br><br>**REPORT AND RECOMMENDATION** |

On October 25, 2016, Defendant DAVID VANCE TAYLOR appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 28). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government, while acknowledging the offense met the criteria for detention pending sentencing under Section 3143(a)(2), did not request detention and supported continuation of release. Further, the Government indicated it is unaware of any information or circumstance that would enhance the risk of nonappearance or risk of danger to the community if release is continued.

In this case, Defendant was released on his own personal recognizance and subject to a stringent combination of conditions imposed by the undersigned Magistrate Judge on August 10, 2016, after the Government withdrew its motion for detention. (Dkt. 13.) Other than one positive test and one recent admission of the consumption of alcohol, Defendant has been compliant with all aspects of pretrial supervision and cooperative with his supervising officers in Billings, Montana, and Pocatello, Idaho. His participation in substance abuse treatment was deferred by the pretrial services officer in Billings, pending the outcome of this hearing. Defendant has expressed interest in fully participating in such treatment if release is continued. Further, he has maintained

REPORT AND RECOMMENDATION - 2

employment and is the sole provider for himself and his wife. In addition, Defendant has participated in medical evaluation and treatment on a regular basis for chronic illnesses and is seeking additional medical treatment from an infectious disease specialist in Billings.

The Court finds these circumstances constitute clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing. Further, the Court finds detention pending sentencing would interfere not only with Defendant's ongoing medical treatment, but also with his employment. The Court finds the totality of these circumstances constitute exceptional reasons why Defendant's detention pending sentencing would not be appropriate.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant DAVID VANCE TAYLOR's plea of guilty to Count One of the Indictment (Dkt. 1);

2) The District Court order forfeiture consistent with Defendant DAVID VANCE TAYLOR's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 28); and

3) The District Court continue Defendant's release subject to the Order setting conditions of release (Dkt. 13) and the Amended Order (Dkt. 24).

Written objections to this Report and Recommendation must be filed within

REPORT AND RECOMMENDATION - 3

fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 25, 2016

CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 4